17-1820-cv
Campbell v. National Fuel Gas Distribution Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of May, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             DENNY CHIN,
                       *Circuit Judges*.
_____

SHARON CAMPBELL,

                       *Plaintiff-Appellant*,

             v.                                              17-1820-cv

NATIONAL FUEL GAS DISTRIBUTION CORPORATION,

                       *Defendant-Appellee*.
_____

Appearing for Appellant:     Harvey P. Sanders, Sanders and Sanders, Cheektowaga, N.Y.

Appearing for Appellee:      Melinda G. Disare, Bond Schoeneck & King (Michael E. Hickey, *on the brief*), Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Sharon Campbell appeals from the May 11, 2017 decision and order of the United States District Court for the Western District of New York (Wolford, *J.*), dismissing her Title VII claims for gender discrimination and hostile work environment. Campbell appeals only the district court's ruling on her gender discrimination claim. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review de novo a district court's grant of a motion for summary judgment." *Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). Where, as here, there is no direct evidence of discrimination, a plaintiff may show discrimination indirectly through the burden shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82 (2d Cir. 2015). We have explained,

> Under the test, a plaintiff must first establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. Once a plaintiff has established a *prima facie* case, a presumption arises that more likely than not the adverse conduct was based on the consideration of impermissible factors. The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the disparate treatment. If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason was in fact pretext for discrimination.

*Id.* at 83 (internal citations and quotation marks omitted). To make a sufficient showing of pretext to survive summary judgment, "the plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (internal quotation marks omitted). "In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." *Id.*

We affirm for substantially the same reasons given by the district court in its thorough and well-reasoned analysis. Campbell argues that she was fired for engaging in behavior that was contrary to company policy, but common among employees. Per the argument, her firing reflects her supervisor's animus towards her on the basis of gender. She principally points to two men, who she asserts engaged in similar conduct but were not fired. Comparing similarly situated employees "is a recognized method of raising an inference of discrimination for the purposes of making out a prima facie case." *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 493 (2d Cir. 2010). We have also endorsed this analysis as a means of establishing pretext, though it is less common. *See, e.g.*, *Luciano v. Olsten Corp.*, 110 F.3d 210, 216 (2d Cir. 1997). "The standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical. In other words, the comparator must be similarly situated to the plaintiff in all material respects." *Ruiz*, 609 F.3d at 494 (internal punctuation omitted). Neither of the comparators Campbell points to were particularly similarly situated. One was never found to have engaged in misconduct. The other self-reported an incident, while Campbell was caught in the act. The remaining evidence

2

potentially indicating gender discrimination by her supervisor was minimal. On this record, Campbell has not established a rational inference that her firing was the product of discrimination.

We also observe that Campbell seeks to rely on a "cat's paw" theory of liability, by arguing that her supervisor harbored animus when filing a report of her misconduct, and that the individuals who actually decided to terminate her employment gave effect to that animus—even though they did not personally hold a discriminatory motive. However, as we have explained, such a theory will succeed "[o]nly when an employer in effect adopts an employee's unlawful animus by acting *negligently* with respect to the information provided by the employee, and thereby affords that biased employee an outsize role in its own employment decision." *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 275 (2d Cir. 2016). We strain to see any indication of negligence on this record, where Campbell admits to engaging in misconduct, and National Fuel has fired nearly thirty other employees, most if not all men, for engaging in similar behavior.

We have considered the remainder of Campbell's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3